UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RIGOBERTO GARCIA ORTIZ,<br><br>    Petitioner,<br><br>  v.<br><br>BRIAN HENKEY, Field Office Director of Enforcement and Removal Operations, Salt Lake City Field Office, Immigration and Customs Enforcement; KENNETH PORTER, Acting Director of the Boise U.S. Immigration and Customs Enforcement Field Sub-Office; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; PAMELA BONDI, U.S. Attorney General; MICHAEL HOLLINGSHEAD, Sheriff of Elmore County,<br><br>    Respondents. | Case No.  1:26-cv-00043-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner Rigoberto Garcia Ortiz (Dkt. 1). For the reasons described below, the Court grants the Petition. Respondents must either release Petitioner or provide him with a bond hearing within seven days.

Order - 1

## BACKGROUND

Petitioner is a national of Mexico who has lived in the United States since 2020 and currently resides in Caldwell, Idaho. Dkt. 1 ¶¶ 18, 24. He has two U.S. citizen children. *Id.* ¶ 26. He was taken into custody on January 22, 2026, while attending a sentencing hearing for a misdemeanor charge of driving under the influence. *Id.* ¶¶ 1, 28. Respondents are now detaining him at the Elmore County Detention Center in Mountain Home, Idaho. *Id.* ¶¶ 1, 17. He filed a Petition for Writ of Habeas Corpus on January 25, 2026.

## LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). Throughout our nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Id.* (quotation omitted).

## ANALYSIS

This Petition presents a statutory issue resolved by this Court dozens of times in the last several months. The deluge of cases stems from a policy shift by the Department of Homeland Security (DHS) and Executive Office of Immigration Review (EOIR) regarding the application of 8 U.S.C. § 1225, which mandates the

detention of a limited class of immigrant detainees without the chance for a bond hearing. *See Moctezuma Macias v. Henkey*, No. 1:25-cv-00741, 2026 WL 221450, at *1-2 (D. Idaho Jan. 27, 2026); *see also, e.g.*, *Cordero Esparza v, Knight*, 1:25-cv-00601-BLW, 2025 WL 3228282 (D. Idaho Nov. 19, 2025).

There is no need to reanalyze the question. As the Court explained recently:

> Historically, noncitizens potentially subject to immigration detention could be detained under two possible statutes. Section 1225 applied to noncitizens "seeking admission into the country"— those apprehended at or near the border—and did not allow for a bond hearing. But noncitizens already established in the United States were detained under 8 U.S.C. § 1226, which provides for discretionary detention with bond hearings to allow the release of detainees who do not pose a danger to the community or flight risk. *See Hernandez v. Sessions*, 872 F.3d 976 (9th Cir. 2017). This statutory scheme reflects a longstanding distinction between noncitizens who reside in the United States and those who have not yet entered. *See Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).
> 
> In July 2025, DHS attempted to eliminate this distinction. On July 8, 2025, ICE issued "Interim Guidance Regarding Detention Authority for Applicants for Admission," instructing that all persons who entered without inspection be subject to mandatory detention under § 1225(b)(2)(A), regardless of when they were apprehended or how long they have resided in the United States. On September 5, 2025, the Board of Immigration Appeals (BIA) issued a precedential decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), holding that immigration judges lack authority to conduct bond hearings for individuals who entered without admission, as they are deemed "applicants for admission" subject to mandatory detention under § 1225(b)(2)(A). Since then, district courts across the country have found that this interpretation violates the Immigration and Nationality Act and the constitutional due process rights of detained immigrants. *Alvarez Ortiz v. Freden*, No. 25-CV-960, 2025 WL 3085032, at *10 (W.D.N.Y. Nov. 4, 2025); *Guerrero Orellana v. Moniz*, No. 25-cv-12664, 2025 WL 2809996 (D. Mass. Oct. 3, 2025).

> This Court has considered many substantively identical habeas petitions in recent months and has repeatedly rejected Respondents' reading of § 1225. Respondents have not offered any new arguments here, and there is no need here to restate the Court's reasoning, which is laid out at length in cases such as *Quijada Cordoba v. Knight*, 1:25-cv-00605, 2025 WL 3228945 (D. Idaho Nov. 19, 2025). The Court again finds that Petitioner's mandatory detention under § 1225 is unlawful.

*Moctezuma Macias*, 2026 WL 221450, at *1.

This Court's previous cases definitively answer the legal question. The question of remedy, however, is slightly more complex here. Petitioner was recently convicted of driving under the influence, and his ties to the United States are not that strong compared to other detainees who have recently filed similar petitions. Under these circumstances, the Court cannot say with certainty that release is the appropriate remedy. Accordingly, Respondents may either release Petitioner or provide him with a bond hearing within seven days.

The Court shares Petitioner's concern and frustration with the two-step process that this creates for certain immigrant detainees due to Respondents' intransigence regarding the statutory issue. The need to go through the habeas process prior to a bond hearing significantly lengthens the period of potentially unjustified detention, and the Court recognizes the substantial injury that this inflicts. At the same time, the Court cannot discount the potential public safety risk given Petitioner's recent criminal history, and the Court lacks the information needed to assess the propriety of detention. Hopefully the Ninth Circuit will

ORDER - 4

resolve this matter soon, but until then this Court can only administer this imperfect form of justice.

## ORDER

**THEREFORE, IT IS HEREBY ORDERED** that

1. Petitioner's Petition for a Writ of Habeas Corpus (Dkt. 1) is **GRANTED**. Respondents must either release Petitioner or provide him with an individualized bond hearing pursuant to 8 U.S.C. § 1226 within seven days of the date of this Order.

2. Respondents shall file a Status Report within twelve days of the date of this Order confirming compliance with this Order. The status report shall detail if and when the ordered bond hearing occurred, if bond was granted or denied, and if denied, the reason for that denial.

3. Petitioner's Motion for a Temporary Restraining Order (Dkt. 2) is DENIED AS MOOT.



DATED: February 4, 2026

B. Lynn Winmill
U.S. District Court Judge