UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

RIGOBERTO GARCIA ORTIZ,

Petitioner,

v.

BRIAN HENKEY, Field Office Director, Enforcement and Removal Operations, Salt Lake City Field Office, Immigration and Customs Enforcement; KENNETH PORTER, Acting Director, Boise U.S. Immigration and Customs Enforcement Field Sub-Office; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; PAMELA JO BONDI, U.S. Attorney General; and MIKE HOLLINSHEAD, Sheriff, Elmore County,

Defendants.

Case No. 1:26-cv-00043-BLW

**MEMORANDUM DECISION AND ORDER**

## INTRODUCTION

Before the Court is Respondents' Unopposed Motion to Place Case in Abeyance (Dkt. 35). Respondents ask the Court to stay these proceedings pending the Supreme Court's decision in *Montoya Palacios v. Liggins*, No. 25-1222, 2026 WL 1855057 (June 29, 2026). For the reasons explained below, the Court will grant the motion.

## BACKGROUND

On January 22, 2025, Petitioner was seized by U.S. Immigration and Customs Enforcement while attending a sentencing hearing for a misdemeanor charge of driving under the influence. *Pet.*, Dkt. 1 at 1. Petitioner, a native of Mexico, entered the United States without inspection in 2020. *Id.* He filed a petition for writ of habeas corpus on January 25, 2026, challenging his detention. *Id.*

The Court granted Petitioner's writ of habeas corpus, ordering Respondents to either release Petitioner or provide him with an individualized bond hearing pursuant to 8 U.S.C. § 1226. *Order*, Dkt. 11 at 5. Petitioner was subsequently brought before an Immigration Judge in Tacoma, Washington, who denied bond. *Order*, Dkt. 28 at 3.

After the denial, Petitioner asked this Court to enforce its previous order by demanding his immediate release from custody, arguing that he did not receive an individualized bond hearing. *Mot. Enf. J.*, Dkt. 19 at 1. The Court determined that the bond hearing was inadequate and ordered Petitioner's immediate release from custody. *Order*, Dkt. 28 at 11.

On August 23, 2026, Petitioner filed a motion for attorneys' fees and costs seeking $11,323.60 for counsel's work on the successful habeas petition. *Mot. Att'y Fees*, Dkt. 30 at 2. The basis for Petitioner's motion is the Equal Access to

Justice Act (EAJA), which provides for the award of reasonable attorneys' fees and costs to the prevailing party "in any civil action" brought by or against the United States. 28 U.S.C. § 2412(d)(1)(A).

Two months earlier, the United States Supreme Court granted certiorari in *Montoya Palacios v. Liggins*, No. 25-1223, 2026 WL 1855057 at *1 (June 29, 2026). The question presented in that case is whether the "any civil action" language in the EAJA includes an action seeking a writ of habeas corpus to challenge civil immigration detention. Thus, Respondents ask the Court to hold Petitioner's motion for attorneys' fees in abeyance until 60 days after the Supreme Court's decision in *Montoya Palacios*. *Mot. Stay*, Dkt. 35.

## LEGAL STANDARD

District courts have the "discretionary power to stay proceedings." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). This power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. The court may "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Levya v.*

*Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979)). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Levya*, 593 F.2d at 863–64.

In determining whether to grant a stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Among these competing interests are: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Id.*

## ANALYSIS

### A. Factors One and Two: Damage and Hardship to Parties

With respect to the first two factors, damage and hardship to the parties, Respondents argue that Petitioner "will not suffer any prejudice of this abeyance motion is granted because Petitioner was released." Dkt. 35 at 2–3. Petitioner, for his part, does not oppose the motion. *Id.* The Court thus concludes that the first two factors weigh in favor of holding these proceedings in abeyance.

### B. Factor Three: The Orderly Course of Justice

As to the third factor, the orderly course of justice, Respondents argue that holding Petitioner's motion for attorneys' fees in abeyance will promote judicial efficiency and conserve judicial resources. *See Mot. Stay*, Dkt. 35 at 2. They assert that a decision in *Montoya Palacios* may be dispositive as to Petitioner's motion because the Supreme Court granted a writ of certiorari as to the issue of whether the phrase "any civil action" under the EAJA encompasses habeas petitions challenging immigration detention. *Id.*

As in *Montoya Palacios*, Petitioner brought a successful habeas challenge to immigration detention and then sought attorneys' fees under the EAJA. *See Mot. Att'y Fees*, Dkt 30. Meanwhile, Respondents maintain that Petitioner is ineligible for attorneys' fees because the phrase "any civil action" does not encompass habeas petitions. *Mot. Stay*, Dkt. 35 at 2. Because these proceedings present the same issue as *Montoya Palacios*, the Supreme Court's decision will likely inform the outcome of Petitioner's motion for attorneys' fees and costs. The Court therefore agrees with Respondents that holding Petitioner's motion in abeyance will promote judicial efficiency and conserve judicial resources.

In sum, the competing interests weigh in favor of granting a stay. Accordingly, the Court will hold these proceedings in abeyance pending the Supreme Court's decision in *Montoya Palacios*.

## ORDER

**IT IS ORDERED that:**

1. Respondents' Unopposed Motion to Place Case in Abeyance (Dkt. 35) is **GRANTED**.

2. Within 21 days of the Supreme Court's decision being issued, Petitioner is **DIRECTED** to file a renewed motion for fees or to seek other appropriate relief.

DATED: October 13, 2026

B. Lynn Winmill
U.S. District Court Judge